# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

HARRY D. BENION,

        Plaintiff,                          Case Number: 2:18-cv-13612
                                                             HON. ARTHUR J. TARNOW

v.

RONALD DRINKERT, ET AL.,

        Defendants.

_____/

## ORDER OF SUMMARY DISMISSAL

**I.    Introduction**

        Michigan state prisoner Harry D. Benion has filed a *pro se* complaint under 42 U.S.C. § 1983, concerning medication prescribed to him by medical staff at the Charles Egeler Reception and Guidance Center in Jackson, Michigan. He names six defendants, including two John and Jane Doe defendants. Plaintiff claims that side effects from an inhaler prescribed by defendant Drinkert nearly killed him and that the remaining defendants failed to respond appropriately to his distress.

        Plaintiff seeks monetary relief. The Court dismisses Plaintiff's complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

**II.    Standard**

        Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action due to his indigence. Under the Prison Litigation Reform Act ("PLRA"), the

Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought."  Fed. R. Civ. P. 8(a)(2), (3).  The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)).  While this notice pleading standard does not require "detailed" factual allegations, *Twombly*, 550 U.S. at 555, it does require more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.* (*quoting Twombly*, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.*  (*quoting Twombly*, 550 U.S. at 557).

To state a federal civil rights claim, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law.  *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978).  A *pro se* civil rights

complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## III. Discussion

Plaintiff alleges that, prior to his incarceration, he was prescribed two medications, Spiriva and Ventolin, to treat his Chronic Obstructive Pulmonary Disease (COPD). He told defendant Drinkert, a physician assistant, about his previous prescriptions. Defendant Drinkert prescribed Plaintiff ProAir HFA (delivered through an inhaler). Plaintiff took the medicine as directed. He reported to medical staff the next day that he felt "a need for air" and that he was developing a cough. Compl. at 6. He was told this was the result of his body adjusting to the new medication. *Id.*

The following week, Plaintiff informed a nurse that his problems persisted. *Id.* The nurse advised him to drink more water and take increase the dosage from one puff to two puffs every four to six hours. *Id.* Plaintiff followed the nurse's advice. Over the next two days, he suffered periodic, intense coughing fits. *Id.* at 7. Plaintiff finally asked a corrections officer to call the Duane Waters Hospital emergency staff, where he was given a breathing treatment which improved his condition. *Id.* Plaintiff was told to return in four to six hours for another treatment. *Id.* A short time later, Plaintiff's breathing again became labored so he asked to be taken to the hospital, which he was. *Id.* Medical personnel checked Plaintiff's vital signs and returned Plaintiff to his cell. *id.*

The next day, Plaintiff read the leaflet included with his inhaler. *Id.* He discovered that his breathlessness and coughing are both potential side effects. He also noticed that death is a possible side effect. *Id.* Plaintiff alleges that all of the defendants

3

are responsible for this "possible near death situation." *Id.* at 9. He claims defendants should have been aware of these side effects and should have immediately advised him to stop taking the medication.

"[T]he Eighth Amendment prohibits punishments which, although not physically barbarous, involve the unnecessary and wanton infliction of pain, or are grossly disproportionate to the severity of the crime." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (citation omitted) (internal quotation marks omitted). While there is no "static test" to determine whether the conditions of confinement violate the Eighth Amendment, prison officials violate the Eighth Amendment when they act with deliberate indifference to an inmate's health or deprive an inmate of basic human needs, food, medical care or sanitation. *Id.* at 346-47.

A viable Eighth Amendment claim consists of an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective component requires a sufficiently serious medical need. *Johnson v. Karnes,* 398 F.3d 868, 874 (6th Cir. 2005). "Seriousness is measured objectively, in response to 'contemporary standards of decency.'" *Reilly v. Vadlamudi*, 680 F.3d 617, 624 (6th Cir. 2012) (*quoting Hudson v. McMillian*, 503 U.S. 1, 8 (1992)). Plaintiff's illness, COPD, is sufficiently serious to meet the objective component of a deliberate indifference claim. *Rucker v. Lindamood,* No. 1:16-cv-00090, 2016 WL 7235784, *3 (M.D. Tenn. Dec. 13, 2016).

The subjective component regards prison officials' state of mind. *Id.* "Only 'deliberate indifference' to serious medical needs will implicate the protections of the

4

Eighth Amendment. Deliberate indifference is characterized by obduracy or wantonness – it cannot be predicated on negligence, inadvertence, or good faith error." *Id.* "As a general rule, a patient's disagreement with his physicians over the proper course of treatment alleges, at most, a medical-malpractice claim." *Darrah v. Krisher*, 865 F.3d 361, 372 (6th Cir. 2017). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

In sum, defendant Drinkert prescribed an inhaler which apparently caused adverse side effects. When Plaintiff advised prison personnel he was experiencing these side effects, he was attended to by medical personnel several times. Plaintiff does not allege that any of the defendants knew the medication would adversely effect Plaintiff or that prescribing the medication was "so grossly incompetent, inadequate, or excessive as to shock the conscience or be intolerable to fundamental fairness." *Terrance v. Northville Regional Psychiatric Hospital*, 286 F.3d 834, 844 (6th Cir. 2002). Even if prescribing this medication rose to the level of medical malpractice or negligence, medical malpractice or negligence does not constitute a constitutional violation. *Estelle*, 429 U.S. at 292. *Accord Farmer*, 511 U.S. at 833 (Deliberate indifference "entails something more than mere negligence."). Plaintiff's fear upon experiencing these side effects, while not to be minimized, does not render his treatment an Eight Amendment violation.

The complaint fails to set forth allegations rising to the level of an Eighth Amendment violation and will be dismissed.

5

## IV. Order

Accordingly, IT IS ORDERED that the complaint is DISMISSED**.**


                                                s/Arthur J. Tarnow  
                                                ARTHUR J. TARNOW  
                                                SENIOR UNITED STATES DISTRICT JUDGE

Dated: February 25, 2019